**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Lawrence D. Edelen, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-cv-00299-JOF-LTW |
| Campbell Soup Company, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## OPINION & ORDER

This matter is before the court on Plaintiff's objections [144] to the July 31, 2009 discovery order of Magistrate Judge Linda T. Walker [133] and Defendants' responses thereto [151].

Plaintiff, Lawrence Edelen, filed suit against Defendants Campbell Soup Company, Campbell Sales Company, Douglas Conant, Michael Salzberg, and Denise Morrison on January 28, 2008, alleging that Defendants violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by discriminating against him on the basis of his race and gender. Plaintiff also raises state law claims of fraud, negligent retention and supervision, and breach of duties. In a Non-Final Report and Recommendation dated September 25, 2008, Magistrate Judge Walker recommended that Plaintiff's fraud, negligent retention and supervision, breach of duties, punitive damages and attorney's fees claims be dismissed.

She recommended that Plaintiff's race and gender discrimination claims proceed. This court adopted the Non-Final Report and Recommendation of the Magistrate Judge.

Since that time, Magistrate Judge Walker has been closely and thoroughly supervising an increasingly contentious discovery process in this single plaintiff case that has already yielded over 160 docket entries. As part of that discovery process, Magistrate Judge Walker held a hearing on July 22, 2009, at which she considered Defendants' motion for sanctions, among other motions. Magistrate Judge Walker issued a written order on July 31, 2009 in which she granted in part and denied in part Defendants' motion for sanctions. Magistrate Judge Walker directed that Plaintiff's counsel (and not Plaintiff) pay Defendants' attorney's fees incurred as a result of Plaintiff's failure to respond to the court's prior orders of November 13, 2008 and January 5, 2009, to narrow Plaintiff's requests for electronic discovery. *See* Order, at 2. The order further directed Defendants to identify for Plaintiff those discovery requests Defendants believed were overbroad and Plaintiff would then narrow those requests. Only if Plaintiff failed to narrow his requests would the Magistrate Judge then bar Plaintiff from any Rule 30(b)(6) or additional discovery from Defendants. *Id.* at 3-4. She also set out a mechanism by which the parties would confer on the scope of the new discovery and for filing any additional motions with the court addressing said discovery. *Id.* at 4-5.

AO 72A
(Rev.8/82)

The Magistrate Judge also issued directions concerning the parties' dispute over four pages of documents which Defendants produced, they allege now inadvertently, and claim are privileged. She directed Plaintiff to respond to Defendants' request to have the documents deemed privileged and returned. *Id.* at 6. If Plaintiff did not respond, the Magistrate Judge would assume Plaintiff does not oppose Defendants' motion and the court would grant it. The Magistrate Judge instructed Plaintiff to treat the documents as privileged and confidential until the issue was resolved. *Id.*

Plaintiff filed objections to the order of the Magistrate Judge in four respects: (1) the privileged documents, (2) the award of attorney's fees, (3) the direction to narrow the scope of the electronic discovery requests, and (4) the Magistrate Judge's "prohibition" of Plaintiff from taking depositions.

Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Addison v. Gwinnett County*, 917 F. Supp. 802, 808 (N.D. Ga. 1995) (Evans, J.). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

3

mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). The court further notes that the Magistrate Judge has had the opportunity to best observe the parties' actions in the litigation thus far and particularly where, as here, the Magistrate Judge has maintained firm and vigilant control over the docket of the case, the court is loathe to second guess matters of discretion.

The court is puzzled by Plaintiff's objections to the Magistrate Judge's order on the matter of the four alleged privileged documents. The court disagrees with Plaintiff's assertion that the Magistrate Judge has made findings that the documents were privileged and their production inadvertent. *See* Objections, at 8. The Magistrate Judge made no such ruling as to whether these documents are actually privileged or whether they were "inadvertently" produced. She merely has set forth a briefing schedule so that the parties may argue the matter before her. Plaintiff's objections go to the merits of whether the documents are privileged, an issue on which the Magistrate Judge has yet to rule. Further, the court finds no error, clear or otherwise, in the manner in which the Magistrate Judge has directed the parties to brief the issue. (To the extent that Plaintiff objects that Defendants never filed a motion for the return of the documents, the court agrees with Defendants that an oral motion before the Magistrate Judge is sufficient for that purpose.)

AO 72A
(Rev.8/82)

Plaintiff next objects to the Magistrate Judge's order directing Plaintiff's counsel to pay Defendants' attorney's fees for pursuing the issue of narrowing the scope of Plaintiff's electronic discovery requests. Plaintiff's counsel claims he was "surprised" by Defendants' objections raised at a November 13, 2008, status conference that Plaintiff's requests would require the production of nearly 6,000 bankers' boxes of documents. Plaintiff objects that the Magistrate Judge accepted Defendants' characterization of the discovery requests without actually reading them. Plaintiff admits, however, that he has requested the electronic production of his entire company-owned laptop, as well as the entire contents of laptops of numerous other "key players." From this admission alone, the court is confident that the Magistrate Judge has not mis-characterized the scope of Plaintiff's discovery requests. It is not unusual in the course of electronic discovery for parties to be required to limit the scope of their requests through the use of certain key search words or terms. The blanket request of the complete contents of the laptops of numerous company executives is not a request geared to lead toward the discovery of admissible evidence in this employment discrimination case and is on its face overbroad.

The court further notes that in considering whether the scope of Plaintiff's discovery requests needed to be narrowed, the Magistrate Judge relied on Plaintiff's own description of those requests at the November 13, 2008, hearing. Further, at the end of that hearing the Magistrate Judge directed Plaintiff to narrow the scope of the electronic discovery requests.

5

*See* Minute Order, dated Nov. 13, 2008. Plaintiff neither objected to that ruling nor complied with the order. The Magistrate Judge again ordered Plaintiff to narrow the requests in a January 5, 2009, order. *See* Order, at 5. Plaintiff again did not object to the order and did not comply with it. Thus, the time for objections to the merits of the Magistrate Judge's decision to direct Plaintiff to narrow the scope of his discovery requests has passed and on that basis, the court rejects Plaintiff's merits objections to the order requiring Plaintiff to narrow those requests. (The court notes, however, that the Magistrate Judge did offer Plaintiff one final opportunity to narrow his requests. After Defendants have had an opportunity to respond to the new requests, the Magistrate Judge determined in her July 31, 2009, order that she would then rule on the appropriate scope of the new discovery requests.)

Because Plaintiff failed to comply with the Magistrate Judge's order, Defendants filed a motion for sanctions. Plaintiff never responded to that motion for sanctions. After the July 22, 2009, status conference and in the course of granting in part that motion, the Magistrate Judge ordered Plaintiff's counsel, and not Plaintiff, to pay Defendants' attorney's fees incurred for pursuing the narrowing of the discovery requests. There is no dispute that at the time of the July 22, 2009, status conference, Plaintiff had not narrowed his electronic discovery requests despite twice being ordered to do so. The court finds nothing clearly

6

erroneous or contrary to law in the Magistrate Judge's order granting in part Defendants' motion for sanctions in the form of attorney's fees.

Finally, Plaintiff objects to the Magistrate Judge's order that Plaintiff's counsel is barred from taking any depositions in the case until Plaintiff narrows his discovery requests. Again, the court finds nothing clearly erroneous in the Magistrate Judge's order. Plaintiff has been on notice since November 13, 2008, at the latest, that he would need to narrow his electronic discovery requests. Plaintiff did not object to this order, nor did he comply with it. Upon second order of the Magistrate Judge, Plaintiff again did not object or comply. When Defendants filed a motion for sanctions based on Plaintiff's refusal to comply with the Magistrate Judge's order, Plaintiff did not respond to the motion. The Magistrate Judge appears to be attempting a new approach at gaining Plaintiff's compliance with her orders. The court finds nothing untoward in this approach as it would incentivize Plaintiff to respond to the orders of the court. Further, it would preserve economy for these documents to be produced before depositions begin so that multiple depositions are not required.

For the foregoing reasons, the court OVERRULES Plaintiff's objections [144] to the July 31, 2009, discovery order of the Magistrate Judge.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 8th day of December 2009.


                                                                /s  J. Owen Forrester
                                                                  J. OWEN FORRESTER
                                               SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)