**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

Lawrence D. Edelen,

    Plaintiff,

v.                                  CIVIL ACTION NO.
                                         1:08-cv-00299-JOF-LTW

Campbell Soup Company, et al.,

    Defendants.

## **OPINION & ORDER**

This matter is before the court on Defendants' motion to dismiss and/or terminate Defendants Conant, Salzberg, and Morrison as parties [123]; Plaintiff's motion for contempt [137]; Plaintiff's motion for default judgment as to Defendant Salzberg [152]; the November 20, 2009, Non-Final Report and Recommendation of Magistrate Judge Linda T. Walker [166]; Plaintiff's objections thereto [175]; Plaintiff's motion for an extension of time to file objections [171]; Plaintiff's emergency motion to amend submission to magistrate judge [176]; and Defendants' motion for clarification [180].

**I.**     **Background**

Plaintiff, Lawrence Edelen, filed suit against Defendants Campbell Soup Company, Campbell Sales Company, Douglas Conant, Michael Salzberg, and Denise Morrison on

January 28, 2008, alleging that Defendants violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by discriminating against him on the basis of his race and gender. Plaintiff also raised state law claims of fraud, negligent retention and supervision, and breach of duties. In a Non-Final Report and Recommendation dated September 25, 2008, Magistrate Judge Walker recommended that Plaintiff's fraud, negligent retention and supervision, breach of duties, punitive damages and attorney's fees claims be dismissed. She recommended that Plaintiff's race and gender discrimination claims proceed. This court adopted the Non-Final Report and Recommendation of the Magistrate Judge.

In an order dated December 8, 2009, over Plaintiff's objections, this court also adopted the Magistrate Judge's July 31, 2009, discovery order as the order of this court. The court noted that the discovery process had become increasingly contentious and that Magistrate Judge Walker had been closely and thoroughly supervising the parties and the litigation. As such, the court expressed reluctance to second-guess the Magistrate Judge on matters of discretion when she had the best opportunity to observe the parties. The court continues to use these thoughts as guideposts.

The November 20, 2009, Non-Final Report and Recommendation of the Magistrate Judge contains both discovery orders and recommendations on dispositive motions. The court considers these separately, noting as to the discovery matters that Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's

non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Addison v. Gwinnett County*, 917 F. Supp. 802, 808 (N.D. Ga. 1995) (Evans, J.). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). On dispositive motions, the court conducts *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B) & (C).

## II. Plaintiff's Objections

Plaintiff makes eight objections to the Non-Final Report and Recommendation of the Magistrate Judge, arguing the Magistrate Judge erred: (1) in denying Plaintiff's motion for default judgment against Defendant Salzberg because he failed to file an answer within ten days after his motion to dismiss was partially denied; (2) in denying Plaintiff's motion for sanctions for Defendants' excessive designation of documents as confidential; (3) in granting Defendant Salzberg's motion to dismiss because Plaintiff has already raised sufficient issues against Defendant Salzberg and discovery continues; (4) in concluding that certain documents were privileged because the mere fact an employee communicates with

3

in-house counsel does not render the communication privileged and the Magistrate Judge should not have considered any *ex parte* evidence on the matter of privilege; (5) failing to hold Defendants in contempt for lack of good faith meeting and conferring; (6) failing to order Defendants to pay attorney's fees for prematurely filing a motion for sanctions in violation of the court's orders; (7) providing Defendants an additional opportunity to submit evidence to support a fee award; and (misnumbered 8) in limiting Plaintiff's ESI search term requests because Plaintiff's requests were reasonable and in finding that Plaintiff's Rule 30(b)(6) notices were unenforceable.

Only two of these objections go to dispositive motions, (1) and (3). A third, objection (5) relates to a matter of contempt, a motion upon which a Magistrate Judge can only make a recommendation. As the court described above, over a year ago, in a Non-Final Report and Recommendation dated September 25, 2008, Magistrate Judge Walker recommended that the claims Plaintiff had made against the individual defendants – fraud, negligent retention and supervision, breach of duties, punitive damages and attorney's fees claims – be dismissed. She recommended that Plaintiff's race and gender discrimination claims proceed. In that same order, the Magistrate Judge also determined that the court could not exercise personal jurisdiction over Defendants Conant and Morrison. This court adopted the Magistrate Judge's Report and Recommendation on December 10, 2008. At this point,

AO 72A
(Rev.8/82)

it is beyond clear that Defendants Conant and Morrison were no longer parties to the litigation because the court determined it could not exercise personal jurisdiction over them.

For reasons the court does not pretend to understand, Plaintiff apparently continued to assert these defendants, as well as Defendant Salzberg, were still part of the litigation, such that on April 23, 2009, Defendants Salzberg, Conant, and Morrison were forced to file the instant motion to dismiss asking the court to formally and finally dismiss them from the lawsuit with prejudice, and that their names be removed from the docket's case caption, that they be terminated on the docket, and that they be excluded from the case caption on all future filings. Plaintiff's response to this motion to dismiss is a series of complaints about the manner in which discovery has proceeded, some vague allegations (with no record citation) that these Defendants were personally involved in the decision to terminate Plaintiff, and a conclusion that Plaintiff's counsel would like the briefing stayed because of the parties' mediation attempts.

The key here, of course, is that in December 2008, the court adopted the Report and Recommendation of the Magistrate Judge which dismissed all counts of Plaintiff's complaint raised against the individual Defendants. The fact that these individuals may or may not be involved in the decision to terminate Plaintiff is of no moment. Plaintiff's remaining discrimination claims cannot be brought against individual defendants, and

5

certainly no claim in this court can be brought against a defendant over whom the court has found it has no personal jurisdiction.

In his objections, Plaintiff argues that the court denied Defendants' motion to dismiss or in the alternative for partial summary judgment as to Counts II, III, and V, and therefore, Defendant Salzberg was required to file an answer and remains in the litigation. *See* Objections, at 2-5. Count II is a race and color discrimination claim against Campbell Soup and Campbell Sales. Count III is a sex discrimination claim against Campbell Soup and Campbell Sales. Count V is a violation of the Civil Rights Act of 1866 claim against Campbell Soup and Campbell Sales. Thus, none of the three claims surviving Defendants' motion to dismiss were brought against any of the individual defendants. The idea that because Salzberg was one of the "Defendants" who brought the motion to dismiss and that motion was denied as to Counts II, III, and V, and thus, Salzberg should have to answer the complaint is preposterous when Counts II, III, and V were never – and could not ever be – brought against any individual defendant. For these same reasons, Plaintiff's motion for default judgment against Defendant Salzberg is without merit. There was no count of Plaintiff's complaint remaining on which Defendant Salzberg had to answer. Finally, the fact that discovery is still open does not counsel against granting the motion to dismiss. As the court has explained, the legal causes of action that remain in Plaintiff's complaint cannot

6

be brought against individuals. Therefore, regardless of what additional information may be gleaned in discovery, there will be no causes of action against individual defendants.

Therefore, the court finds that the Magistrate Judge appropriately recommended that Defendants' motion to dismiss and/or terminate Defendants Conant, Salzberg, and Morrison as parties be GRANTED IN PART AND DENIED IN PART and that Defendants Conant, Salzberg, and Morrison be DISMISSED WITH PREJUDICE. The motion is granted in all respects except that Defendants' request that Defendants Conant, Salzberg, and Morrison be removed from the case caption on the docket is DENIED. The court overrules Plaintiff's objections (1) and (3) and notes that Plaintiff's complaints about the admonitions the Magistrate Judge made toward him are without merit. In fact, the court agrees with the Magistrate Judge that Plaintiff's motion for default "borders on being not only frivolous but also vexatious and abusive."

The remainder of Plaintiff's objections (with the exception of the contempt matter discussed below) go to discovery orders of the Magistrate Judge. The Magistrate Judge denied Plaintiff's motion for sanctions for Defendants' excessive designation of documents as confidential. The Magistrate Judge's Report and Recommendation reviews the history of the parties' various meetings on the issue of confidentiality. *See* Report and Recommendation, at 31-34. The Magistrate Judge concluded that Defendants conferred with Plaintiff on each occasion Plaintiff contended documents were marked confidential

without cause. Defendants also removed the designation from numerous documents at Plaintiff's request. Defendants offered that a large number of documents had to be marked confidential because they contained the personnel files of numerous employees not party to the lawsuit. Further, the Magistrate Judge noted that Plaintiff had not pointed to any document in particular that he felt was improperly designated. In his second objection, Plaintiff simply states that "Defendants' rampant bad faith . . . warranted sanctions." *See* Objections, at 6. Plaintiff's objection, however, makes no argument as to why the Magistrate Judge's ruling denying sanctions in this case was clearly erroneous and, therefore, the court does not alter it. The court overrules Objection No. 2.

In her Report and Recommendation, Magistrate Judge Walker considered the matter of four pages of documents Defendants produced during the course of discovery. Defendants orally requested that the court direct Plaintiff to destroy or return these documents as they were inadvertently produced and contained attorney-client privileged material. The Magistrate Judge described these documents as "concerning email communications between in-house counsel for Campbell Soup and human resources managers for the purpose of rendering legal advice." *See* Report and Recommendation, at 37. Plaintiff argued that the documents were not privileged and their production was not inadvertent. Magistrate Judge Walker determined that the documents were privileged on their face because they sought legal advice from in-house counsel and that they were

8

inadvertently produced because Defendants had three levels of attorneys review their production and only four pages out of 2000 were inadvertently produced. *Id.* at 39. The Magistrate Judge ordered Plaintiff to destroy the documents. Because Defendants had conferred with Plaintiff over the matter and because the Magistrate Judge determined that the documents were privileged and had been produced inadvertently, the Magistrate Judge denied Plaintiff's motion for sanctions for Defendants' voluntary production of allegedly privileged documents.

In his objections, Plaintiff argues that the documents are not privileged because the mere fact that an employee communicates with her employer's in-house attorney does not suffice to attach the privilege. The Magistrate Judge, however, not only found that the communications were between a human resources employee and an in-house counsel, she also determined that the communications sought legal advice. Plaintiff has made no specific argument as to why the totality of the Magistrate Judge's conclusion is clearly erroneous and the court finds that it is not. The court overrules Plaintiff's Objection No. 4.

Plaintiff also argues that Defendants failed to meet and confer with Plaintiff as instructed by the Magistrate Judge and that this failure as well as other issues Plaintiff's counsel had with Defendants' counsel should have resulted in the Magistrate Judge granting Plaintiff's motion for contempt. In her Report and Recommendation, however, the Magistrate Judge found that the parties met and conferred on the issue of the privileged

9

documents, but that they eventually reached an "impasse." *See* Report and Recommendation, at 38 (citing transcript of Aug. 7, 2009, meet and confer). The Magistrate Judge also noted that Defendants were correct that the documents were protected by attorney-client privilege and were inadvertently produced. Therefore, Defendants' efforts to have Plaintiff's counsel return the documents were proper. On this record, the court, therefore, finds without merit, Plaintiff's objection that Defendants did not meet and confer. Because the court has agreed with the Magistrate Judge's determination that the documents are protected, the court also agrees with the Magistrate Judge's recommendation and denies Plaintiff's motion for contempt. The court overrules Plaintiff's Objection No. 5.

Plaintiff generally complains in Objection No. 6 that Defendants' counsel failed to cooperate and violated numerous local rules. Plaintiff states his counsel was required to spend time responding to improper motions by Defendants and yet Plaintiff was awarded no attorney's fees. Plaintiff contends, therefore, that the sanction of Plaintiff's counsel for failure to comply with a discovery order related to electronically stored information "at the same time refusing Plaintiff's meritorious motions for attorney's fees suggests or demonstrates that the standard for awarding attorney's fees appears to be one-sided." *See* Objections, at 14. Plaintiff's objections are too generalized for review. The fact that Defendants were awarded attorney's fees in one circumstance and Plaintiff was not in

10

another is not a sufficient basis upon which to challenge the denial of attorney's fees. The court overrules Plaintiff's Objection No. 6.

The Magistrate Judge also considered Defendants' application for attorney's fees pursuant to the Magistrate Judge's order of July 31, 2009. *See* Report and Recommendation, at 16-29. Defendants requested $7,748 in attorney's fees. The Magistrate Judge's Report amply reviews the numerous attempts of Defendants to have Plaintiff reasonably narrow his discovery requests, as well as the numerous times the matter was discussed before the Magistrate Judge and orders she made with respect to the requests for electronically stored information. Ultimately, after much effort on the part of the Magistrate Judge and failure of Plaintiff to comply with her orders, the Magistrate Judge granted Defendants' motion for sanctions and awarded attorney's fees. Defendants made their fee application and the Magistrate Judge applied the appropriate case law to Defendants' application. *See* Report and Recommendation, at 24-29.

The Magistrate Judge found that Defendants' hourly rates were reasonable and also found that the total number of hours expended was reasonable, but noted that Defendants had not broken down their hours by task or provided the background billing records. *Id.* at 26. Defendants objected to producing the billing records, arguing they were privileged, but Plaintiff also objected stating that if Defendants did not produce their billing records, he would have no basis upon which to challenge their billing judgment. To address these

11

concerns, the Magistrate Judge ordered Defendants to produce "competent, non-hearsay evidence of sufficient detail (including a more detailed description of the tasks performed and the amount of time spent on each task) so that the Court can ascertain whether the amount of time spent preparing the Motion for Sanctions and preparing for the January 23, 2009 hearing was reasonable." *Id.* at 29. The Magistrate Judge also set forth a briefing schedule for Plaintiff to challenge this new material.

Plaintiff objects to this resolution because it allows Defendants a second opportunity to present evidence that should have been presented with the first application. Plaintiff contends that if the Magistrate Judge found Defendants' supporting records insufficient, she was obligated to reject the fee application. The court disagrees that the Magistrate Judge was under any such obligation; in fact, the contrary is true. *See Oxford Asset Management, Ltd. v. Jaharis*, 297 F.3d 1182, 1196 (11th Cir. 2002) (holding that even where district court determines fee application is inadequate, it still must award a reasonable fee). The court finds nothing improper in the Magistrate Judge's decision to allow Defendants to produce additional supporting information and allowing Plaintiff an additional opportunity to challenge Defendants' billing judgment on the basis of that additional documentation. The court overrules (First) Objection No. 7.

Finally, as recounted in her Report and Recommendation, Plaintiff's two Rule 30(b)(6) notices were each nearly 40 pages long and contained 120 topics. *See* Report and

AO 72A
(Rev.8/82)

Recommendation, at 42. It is not difficult to conclude that such notices are unreasonable in a single plaintiff employment discrimination action. The Magistrate Judge set out a scheduling order in an attempt to get the parties to reach resolution on the issue of the Rule 30(b)(6) notices and the electronic discovery requests. *See* Order, July 31, 2009. The Magistrate Judge directed Defendants to identify which particular electronic discovery requests it thought burdensome. Plaintiff could then respond to that identification. Plaintiff then proposed a request that encompassed 55 custodians and 50 search terms over a three year period. Defendants objected to this proposal noting that for 2006 alone, such a request would produce 474,456 pages of documents. Defendants proposed narrower search terms and fewer custodians. Plaintiff never filed objections to this proposal and the court directed Defendants to conduct the search as they proposed.

The Magistrate Judge also directed Defendants to object to the portions of the Rule 30(b)(6) notices they believed were unreasonable. Defendants did so and Plaintiff was given the opportunity to respond. Instead, Plaintiff filed new notices requesting:

> Topic No. 1: The existence, description, nature, custody, condition, and location of any documents or other tangible things that are relevant or are reasonably calculated to lead to the discovery of admissible evidence.
>
> Topic No. 2: Campbell Soup's knowledge of any and all discoverable, non-privileged information regarding the allegations, claims, and defenses appearing in either Plaintiff's complaint or Campbell Soup's answer and written responses to discovery.

13

> Topic No. 3: Campbell Soup's knowledge of any and all discoverable, non-privileged information regarding its actions or efforts to preserve information, documents or other evidence relating to Plaintiff's claims.

*See* Report and Recommendation, at 45. The Magistrate Judge determined that Topics 1 and 2 were too vague and broad. As to Topic No. 3, the Magistrate Judge determined that she would not make Defendants proffer a Rule 30(b)(6) witness on such a topic at this time but would revisit the issue if Plaintiff developed evidence to show Defendants had not honored their discovery obligations.

Plaintiff objects that the Magistrate Judge "erred in her findings and conclusions of law relating to the [electronically stored information] and the deposition notices." *See* Objections, at 15. Plaintiff contends that Defendants' simple cry of "burdensome" is factually unsupported. Plaintiff argues that the search terms proposed by him were reasonable and should have been adopted by the Magistrate Judge. Plaintiff also contends that he is being "whipsawed" on the matter of Rule 30(b)(6) notices because Defendants have complained both about too little and too much detail on the notices.

Based on Defendants' proffer as to the number of documents that would be generated by Plaintiff's proposed electronic search, the Magistrate Judge had a sufficient factual basis upon which to determine that Plaintiff's electronically stored information document request should be narrowed. Further, Plaintiff's complaints about Defendants' responses to his Rule 30(b)(6) notices are of no moment in determining whether the Magistrate Judge properly

14

concluded that Topics 1-3 were overbroad, vague, or irrelevant. In fact, the court finds no error in the Magistrate Judge's rulings and overrules Plaintiff's (Second) Objection No. 7.

**III. Conclusion**

The court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss and/or terminate Defendants Conant, Salzberg, and Morrison as parties [123]; DENIES Plaintiff's motion for contempt [137]; DENIES Plaintiff's motion for default judgment as to Defendant Salzberg [152]; ADOPTS the November 20, 2009, Non-Final Report and Recommendation of Magistrate Judge Linda T. Walker [166] as the ORDER of this court; and OVERRULES Plaintiff's objections thereto [175]. The court GRANTS Plaintiff's motion for an extension of time to file objections [171]; GRANTS Plaintiff's emergency motion to amend submission to magistrate judge [176]; and GRANTS Defendants' motion for clarification to state that Defendants' time to respond to Plaintiff's objections to the Report and Recommendation of the Magistrate Judge shall be calculated from December 16, 2009 and not December 10, 2009.

The Clerk of the Court is DIRECTED to indicate on the docket that Defendants Conant, Salzberg, and Morrison have been terminated as parties. The parties are DIRECTED to remove Defendants Conant, Salzberg, and Morrison's names from the case caption in future filings.

15

**IT IS SO ORDERED** this 2nd day of March 2010.


                                                            /s J. Owen Forrester
                                                        J. OWEN FORRESTER
                                    SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)